## GEORGE J. BASSETT, BANK COMMISSIONER
vs.
## THE MECHANIC'S BANK OF NEW HAVEN

Superior Court    New Haven County    File #38726

Present: Hon. NEWELL JENNINGS, Judge.

Robert M. Dowling, Special
   Assistant Attorney General,    Attorney for the Plaintiff.

## MEMORANDUM FILED DECEMBER 15, 1936.

JENNINGS, J. This is an application for authority to enter into a lease of the premises at #62 Church Street, New Haven, on the terms therein stated. The approval of the application is opposed by Attorney Slavitt representing Mr. Solomon. Mr. Slavitt offered no evidence, oral or written, but depended upon the cross-examination of the applicant's witnesses to establish his case.

The money value of the two proposed leases is approximately the same. The applicant has investigated and is satisfied of the financial responsibility of Mr. Dobkin and feels that it is superior to that of Mr. Solomon. The question of a bond to secure the rent is therefore of small importance. Mr. Solomon is prepared to pay rent from December 1st whereas Mr. Dobkin's proposed rent does not begin until February 1st. The covenant of Mr. Dobkin to install air conditioning makes his terms in this respect more advantageous for the lessor. The liquidated damages promised Mr. Dobkin in case of sale of the premises, waived by Mr. Solomon, would, prima facie, make the latter's offer more attractive. It is improbable, however, that this would prove a consideration of importance in the sale of a property of this size since in that event the responsibility for the damages, if any, would undoubtedly be assumed by the purchaser.

Mr. Solomon's real claim for consideration arises from the fact that he has, in good faith, purchased the equity in the fixtures from the trustee in bankruptcy of the former tenant and has a considerable financial stake therein. While notice of his intention to do this was brought to the attention of the local agent in charge of the building, no actual notice of any specific proposition came to the attention of the receiver until he was about ready to close with Mr. Dobkin. He then investigated Mr. Solomon's claim and came to the conclusion that Mr. Dobkin's proposition was more advantageous to the estate. No claim of bad faith or favoritism was made or intimated.

The receiver has all of the closed banks in his charge. Each has many items of assets. In handling these assets he is entitled to a wide range of discretion although undue haste should be avoided. It becomes a business rather than a legal proposition and in the absence of any improper motives his decisions should be sustained by the courts unless some other course is plainly to the advantage of the estate. The advantage of Mr. Solomon's proposition to him is obvious but its advantage to the estate is at least problematical. Under these circumstances the receiver should, for the reasons stated, be sustained. Mr. Solomon knew, or should have known, that the receiver was the one to consult about a matter of such importance and he, Mr. Solomon, is chargeable with the consequences of his delay.

The proposed order may be signed.